

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 13, 1953

Mrs. B. B. Sapp
Executive Secretary
Teacher Retirement
System of Texas
Tribune Building
Austin, Texas

Opinion No. S-84

Re: Prospective or retroactive
character of the requirement
in Senate Bill 168, Acts 53rd
Legislature, 1953, that re-
depositing teachers must have
been employed in the public
schools for five consecutive
years.

Dear Mrs. Sapp:

You have asked substantially the following ques-
tion:

"Will teachers who taught the school
year 1952-53 and who teach four more con-
secutive years meet the five year require-
ment provided for in Section 1 of Senate
Bill 168?"

Section 1, Senate Bill 168, same being Ch. 417,
53rd Leg., 1953, p. 1014, states in part:

"Section 1. Any teacher who has here-
tofore withdrawn his deposits from the
Teacher Retirement System at Austin, Texas,
under provisions of the Teacher Retirement
Law and who was employed in the public
schools during the school year beginning
September 1, 1952, or who returns to teach-
ing prior to September 1, 1957, and who
teaches five consecutive years, shall have
the privilege of depositing the total amount
so withdrawn plus all back assessments and
dues together with simple interest thereon
at 2½% interest per annum and thereby re-
ceive credit for prior service and member-
ship service rendered in the public schools
and institutions of higher learning sup-
ported in whole or in part by the State.
• • •"

The emergency clause of the above mentioned Act
states in part:

"Sec. 5.   Because a large number of
teachers withdrew their deposits from the
Teacher Retirement System, many of them
veterans of the U. S. Armed Forces who
have since returned to teaching and are
forced under the Teacher Retirement Law
to again become members of the Teacher
Retirement System, . . ."   (Emphasis ours.)

It is stated in 39 Tex. Jur. 205, Statutes, Section 110:

". . . an act that is susceptible of
more than one construction will be so in-
terpreted as to secure the benefits in-
tended . . ."

It is evident from the emergency clause that the
benefits intended by the Legislature in this amendment are
to apply to teachers who have already returned to teaching
since their withdrawal from the Teacher Retirement System.

It is our opinion that the retroactive aspect of
the words "who have since returned to teaching" coupled with
the phrase "who are employed in the public schools during
the school year beginning September 1, 1952" indicates that
the five consecutive year period for teachers who are em-
ployed during the school year beginning September 1, 1952,
begins as of the date that they returned to teaching.

Therefore, it is our interpretation of this Arti-
cle that teachers employed in the public schools during the
school year beginning September 1, 1952, are only required
to teach five consecutive years from the date they returned
to teaching, in order to be eligible to re-enter and re-
ceive the benefits provided for in Section 1, Senate Bill
168.

## SUMMARY

Any teacher who has heretofore with-
drawn his deposit from the Teacher Retire-
ment System and who was employed in the
public schools during the school year be-
ginning September 1, 1952, is only required
to teach five consecutive years beginning
as of the date he returned to teaching, in
order to have the privilege of depositing

the total amount so withdrawn and to receive
credit for prior service.

APPROVED:                                Yours very truly,

Rudy G. Rice                             JOHN BEN SHEPPERD
State Affairs Division                   Attorney General

W. V. Geppert
Reviewer

By *Sam C. Ratliff*
Willis E. Gresham                        Sam C. Ratliff
Reviewer                                          Assistant

Robert S. Trotti
First Assistant

SCR:wb